IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRENT TOMPKINS,<br><br>    Plaintiff,<br><br>v.<br><br>PRIMECARE MEDICAL, INC., ERNA CRAIG, THREE JOHN DOE DEFENDANTS, and EIGHT JOHN DOE DEFENDANTS,<br><br>    Defendants. | Civil Action No. 19-1089<br>Magistrate Judge Maureen P. Kelly |

## **ORDER OF COURT**

Trent Tompkins ("Plaintiff"), was, at the time of the filing of this civil rights action, a post-conviction detainee in the Mercer County Prison, awaiting sentencing in two outstanding criminal cases in Mercer County. In one case, Plaintiff pleaded guilty on February 11, 2019, to Corruption of Minors, and Indecent Assault on Person Less than 13 years of age.[1] In the other case, Plaintiff pleaded no contest on August 20, 2019, to criminal conspiracy to commit intimidation, retaliation or obstruction in child abuse cases.[2] Plaintiff paid the filing fee herein and his pro se prisoner civil rights form complaint ("the Complaint") was filed. ECF No. 1.

---

[1] We take judicial notice of Plaintiff's criminal case in the Court of Common Pleas of Mercer County, Commonwealth v. Tompkins, CP-43-CR-0001578-2017 (CCP Mercer County) which is available at:

    https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-43-CR-0001578-2017&dnh=suomb7oTBdHUSQp8xcPknA%3d%3d

(site last visited September 3, 2019).

[2] We take judicial notice of Plaintiff's criminal case in the Court of Common Pleas of Mercer County, Commonwealth v. Tompkins, CP-43-CR-0000858-2018 (CCP Mercer County) which is available at:

    (... footnote continued)

Plaintiff named two individual defendants in the caption of the Complaint, specifically: PrimeCare Medical, Inc. and Erna Craig, apparently, the warden of Mercer County Prison. He also indicated that there are three John Doe Defendants whose names are unknown and he needs discovery to find out their names. In addition, he indicates that the are eight John Doe Defendants of whom he knows only one of their names. Id. at 2. However, Plaintiff indicates that he would "like to review incident reports and other evidence before deciding which staff to sue in personal capacity." Id.

The factual allegations of the Complaint are conclusory and fail to provide any specifics as to time, place and actions or inactions other than to allege, in a conclusory fashion, ongoing abuse from September, 2017 to February, 2018 without identifying who did what to Plaintiff or failed to do what to Plaintiff. To the extent that Plaintiff does not know the names of John Doe Defendants, he may number them and allege what "John Doe 1" did or failed to do and the same as to "John Doe 2," etc. Because the Complaint fails to allege some threshold modicum of facts, the Complaint fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8 as explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). As explained by the United States Supreme Court, a complaint is subject to dismissal under the standards of Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 The Complaint is simply insufficient under Twombly and Iqbal. As the United States Supreme Court explained in Twombly: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

---

https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-43-CR-0000858-2018&dnh=yjlxbA72gShCTy88spd5WQ%3d%3d

(site last visited September 3, 2019).

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. Rather, Plaintiff must allege a modicum of facts showing that the Defendants violated his rights.

In order to rectify the deficiencies in the Complaint, Plaintiff is **ORDERED** to file an Amended Complaint that includes all of his claims against numbered John Doe Defendants in addition to the other two named Defendants and allege therein facts, as opposed to conclusory allegations. Essentially, Plaintiff should allege who did or failed to do what to him and when these actions or inactions occurred and should name in the caption of the Complaint all of the Defendants whom he alleges violated his rights so that we can ascertain exactly how many John Doe Defendants there are.

Plaintiff is **ORDERED** to file the Amended Complaint no later than September 27, 2019. Failure to do so may result in the case being dismissed either for failure to prosecute or the Complaint could be dismissed for failure to state a claim upon which relief can be granted. A blank copy of the Civil Rights complaint form is being included herein.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Date: September 3, 2019

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: TRENT TOMPKINS
Mercer County Jail
55 THOMPSON ROAD
MERCER, PA 16137