# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRENT TOMPKINS, )
)
    Plaintiff, ) Civil Action No. 19-1089
) Magistrate Judge Maureen P. Kelly
    v. )
)
PRIMECARE MEDICAL, INC.; ERNA )
CRAIG; THREE JOHN DOE )
DEFENDANTS; and EIGHT JOHN DOE )
DEFENDANTS, )
)
    Defendants. )

## ORDER OF COURT

Trent Tompkins ("Plaintiff") paid the filing fee herein and his pro se prisoner civil rights form complaint ("the Complaint") was filed. ECF No. 1.

Plaintiff named two individual defendants in the caption of the Complaint, specifically: PrimeCare Medical, Inc. and Erna Craig, apparently, the warden of Mercer County Prison. He also indicated that there are three John Doe Defendants whose names are unknown and he needs discovery to find out their names. In addition, he indicates that there are eight John Doe Defendants of whom he knows only one of their names. Id. at 2. However, Plaintiff indicates that he would "like to review incident reports and other evidence before deciding which staff to sue in personal capacity." Id.

Because the Court found that the allegations of the Complaint failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8 as explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Court ordered Plaintiff to file an Amended Complaint by September 27, 2019. ECF No. 3.

Recently, Plaintiff has sent two letters to the Clerk of Court, requesting subpoenas be sent to him. The first letter requested subpoenas for him to serve on defendant Erna Craig and non-party "Mercer County Prison" for "all evidence related to specific use-of-force incidents upon plaintiff (eg: [sic] internal reports, video footage, emails, information sent to Department of Corrections)." The second letter requested the Clerk to send Plaintiff blank subpoenas with the Clerk's signature for him to send out.

The Clerk is ORDERED to not send any subpoenas to Plaintiff until further order of Court. The Amended Complaint has not yet been filed. Screening of such an amended Complaint pursuant to the Prison Litigation Reform Act has yet to occur. If the Amended Complaint survives the screening process, service of the Amended Complaint will be ordered. After service has been ordered and counsel has entered appearances on behalf of the named Defendants, early discovery may be requested to the extent needed to identify the John Doe Defendants, and furthermore, a request for preservation of evidence may also be entertained. Only after the Court enters a scheduling order will broader discovery be permitted, and only then, will the Court reconsider its order directing the Clerk to not issue subpoenas to Plaintiff. Accordingly, Plaintiff's requests for subpoenas are premature. Keith v. Mayes, CV409-148, 2010 WL 3339041, at *1 (S.D. Ga. Aug. 23, 2010) ("A court supervising prisoner pro se cases must prevent abuse of its subpoena power and, at the very least, ensure that subpoenas are used for permissible purposes."), *on reconsideration*, CV409-148, 2010 WL 4286188 (S.D. Ga. Oct. 22, 2010).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any

appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Date: September 9, 2019

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: TRENT TOMPKINS
Mercer County Jail
55 THOMPSON ROAD
MERCER, PA 16137