IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRENT TOMPKINS, | )<br>) |
| Plaintiff, | )  Civil Action No. 19-1089<br>)  Magistrate Judge Maureen P. Kelly |
| v. | )<br>)  Re: ECF Nos. 39 and 41 |
| PRIMECARE MEDICAL, INC., ERNA CRAIG, THREE JOHN DOE DEFENDANTS, and EIGHT JOHN DOE DEFENDANTS | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Plaintiff Trent Tompkins ("Plaintiff"), an inmate at the State Correctional Institution at Camp Hill ("SCI – Camp Hill"), has presented an amended civil rights complaint which he has been granted leave to prosecute without prepayment of costs alleging that Defendants violated his constitutional rights through the unlawful use of force at a time when Plaintiff suffered a psychiatric event and in otherwise failing to treat and/or accommodate his serious mental health condition. ECF No. 17.

Presently before this Court are Plaintiff's Motion for Permission seeking leave to file a motion for appointment of counsel, ECF No. 39, and Plaintiff's Motion to Appoint Counsel for a Specified Purpose, ECF No. 41. In particular, Plaintiff seeks the appointment of counsel to assist in drafting an amended complaint to perfect his claims for discrimination under the Americans with Disabilities Act, and to obtain a Certificate of Merit in compliance with Pennsylvania state law in support of state law claims for inadequate mental health treatment. Id. at 2. Plaintiff's motions require the Court to determine whether or not, under the facts and circumstances of this

1

case, the Court should exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and request an attorney to represent Plaintiff in the prosecution of this action.

In considering a motion for the appointment of counsel, the Court must determine whether or not to request counsel to represent this litigant under the provisions of 28 U.S.C. § 1915(e)(1), fully recognizing that if successful counsel may be entitled to recover fees under the provisions of Section 1988 of Title 42, United States Code. Section 1915(e)(1) gives the Court broad discretion to determine whether the appointment of counsel is warranted, and that determination must be made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

As a threshold matter the district court should consider whether the plaintiff's claim has arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See Tabron v. Grace, 6 F.3d at 155. If the court determines that the claim has some merit, the court should then consider the following factors:

    1.    the plaintiff's ability to present his or her own case;

    2.    the complexity of the legal issues;

    3.    the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

    4.    the amount the case is likely to turn on credibility determinations;

    5.    whether the case will require the testimony of expert witnesses; and

    6.    whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d at 457. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing

counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

After careful consideration of Plaintiff's allegations, Plaintiff's Motion for Permission to file a Motion for Appointment of Counsel, ECF No. 39, is granted. However, it would appear that the appointment of counsel is not warranted and, therefore, the Court will not exercise its discretion.

Initially, it does not appear with any degree of certainty that Plaintiff is setting forth a factual basis that demonstrates he will ultimately prevail on the merits. Nevertheless, in considering factors one and two, the litigant's ability to present his case and the difficulty of the legal issues involved, it is clear that the issues presented in the complaint are neither difficult nor complex, and nothing in the record indicates that Plaintiff is incapable of presenting his case. Plaintiff contends that his confinement has limited his ability to obtain relevant records and has hindered his access to a typewriter so that he can neatly draft letters to potential attorneys. ECF No. 41. However, discovery in accordance with Rule 26 of the Federal Rules of Civil Procedure has not yet commenced and despite his limitations, Plaintiff has amply demonstrated his ability to file motions, respond to motions and otherwise communicate with the Court during the course of this litigation.

Similarly, the third consideration, the degree to which factual investigation will be necessary and Plaintiff's ability to conduct such investigation, does not weigh in favor of the appointment of counsel since Plaintiff's case would basically rely on his testimony and it is otherwise is too early in the litigation to determine what, if any, factual investigation will be necessary.

Further, while it may be that the credibility of witnesses will be at issue, as it is in every case, it does not appear that the case will become a "swearing contest." To the extent Plaintiff acknowledges the necessity to obtain a Certificate of Merit in compliance with Rule 1042.3 of the Pennsylvania Rules of Civil Procedure as to certain of his claims, he has adequately demonstrated his ability to identify and correspond with potential counsel and/or professionals to request representation and assistance. See, ECF No. 20, ECF No. 41-3. Compliance with Rule 1042.3 may be accomplished by the filing of a Certificate of Merit prepared by an unrepresented party provided he has obtained a written statement from an appropriate licensed professional that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable standards and that such conduct was a cause in bringing about the harm alleged. Pa. R. Civ. P. 1042(a)(1). Plaintiff has demonstrated that he has the ability to identify and correspond with professionals outside of his facility and as such, this additional responsibility does not warrant the appointment of counsel at this time.[1]

The Court does not intimate that Plaintiff would not benefit from the appointment of counsel, but rather it appears that the appointment of counsel will not materially aid justice to such a degree as to warrant the exercise of the Court's discretion. Thus, until such time as a showing is made that the interests of justice require the Court to exercise its discretion, the Court declines to do so. See Lassiter v. Dept. Social Services, 452 U.S. 18 (1981). Accordingly, the following

---

[1] It should also be noted that under our Local Rules of Court, motions for the appointment of counsel submitted by incarcerated individuals who are proceeding pro se, as Plaintiff is, are not to be granted until after dispositive motions have been resolved absent special circumstances. W.D. Pa. LCvR 10C. Not only are there no special circumstances surrounding this case but Defendants have just recently been served with the Complaint and thus have not yet had the opportunity to respond.

Order is entered:

AND NOW, this 23rd day of December, 2019, IT IS HEREBY ORDERED that Plaintiff's Motion to Appoint Counsel for a Specific Counsel, ECF No. 41, is DENIED without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Trent Tompkins
QA1283
SCI Camp Hill
Po Box 33028
Camp Hill, Pa 17011

All counsel of record via CM/ECF