IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRENT JOHN TOMPKINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PRIMECARE MEDICAL INC.; *et al.*, ) <br> ) <br> Defendants. ) | 2:19-CV-1089 |

# MEMORANDUM ORDER

This *pro se* prisoner civil-rights case was referred to Magistrate Judge Maureen P. Kelly for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court applicable to Magistrate Judges.

Mr. Tompkins filed a Fifth Amended Complaint on January 4, 2022, asserting eight claims for relief: (1) Count I, excessive force in violation of the Fourteen Amendment against Kenneth Rodgers, C.O. Sherman, C.O. Peters, C.O. Cochran, C.O. Vasconi, C.O. Gioan, and C.O. John Doe; (2) Count II, failure to train against the Mercer County Jail, Erna Craig, and Mac McDuffie; (3) Count III, intentional discrimination under the ADA against the Mercer County Jail; (4) Count IV, intentional discrimination under the Rehabilitation Act against the Mercer County Jail; (5) Count V, deliberate indifference to inhumane conditions of confinement against the Mercer County Jail and Erna Craig; (6) Count VI, unconstitutional pretrial punishment without due process of law; (7) Count VII, battery against Kenneth Rodgers, C.O. Sherman, C.O. Peters, C.O. Cochran, C.O. Vasconi, C.O. Gioan, and C.O. John Doe; and (8) Count VIII, assault against Kenneth Rodgers, C.O. Sherman, C.O. Peters, C.O. Cochran, C.O. Vasconi, C.O. Gioan, and C.O. John Doe. ECF 144. Defendants then answered the Fifth Amended Complaint. ECF 149.

After discovery, Defendants filed a motion for summary judgment as to all of Mr. Tompkins's claims. ECF 200; ECF 201. Currently before the Court is ECF 211, a Report & Recommendation filed by Judge Kelly, recommending that the Court grant in part and deny in part Defendants' motion for summary judgment. Judge Kelly recommends that the Court: (1) grant the motion on Mr. Tompkins's "claims for excessive force (Count I), assault (Count VII), and battery (Count VIII)" in favor of Defendants Vasconi and Cochran, but deny the motion on those counts as to Defendants Gioan, Sherman, Peters, and Rodgers; (2) "grant the [m]otion for [s]ummary [j]udgment as to [Mr. Tompkins's] claims for failure to train (Count II), discrimination in violation of the ADA (Count III) and in violation of the Rehabilitation Act (Count IV), inhumane conditions of confinement (Count V), and the violation of his rights to procedural due process (Count VI)"; and (3) dismiss Defendant C.O. John Doe from the case. ECF 211.

The parties were notified that, pursuant to 28 U.S.C. § 636(b)(1), objections to the Report & Recommendation were due within fourteen days, or seventeen days for unregistered ECF users. Mr. Tompkins filed a request for an extension of time to file objections, which was granted. ECF 212; ECF 213. Mr. Tompkins then filed objections, objecting to Judge Kelly's recommendation "on the issues of the Americans with Disabilities/Rehabilitation Act (Count III and Count IV), Failure to Train and Supervise (Count II) and Conditions of Confinement (Count V)." ECF 214.

To begin with, the Court has reviewed Judge Kelly's recommendations as to Counts I, VI, VII, and VIII, to which Mr. Tompkins did not object, for clear error. *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (Ambrose, J.), *aff'd*, 276 F. App'x 125 (3d Cir. 2008). Finding no clear error, the Court adopts those recommendations.

As to Judge Kelly's recommendations as to Counts II, III, IV, and V, to which Mr. Tompkins objected, the Court reviews those recommendations *de novo*. 28 U.S.C. § 636(b)(1). In his objections, Mr. Tompkins argues that (1) the ADA and

Rehabilitation Act apply to day-to-day jail operations; (2) his conditions-of-confinement claim includes more than the so-called "cell-illumination issue;" and (3) because the corrections officers were following "a custom," that is sufficient for his failure-to-train claim to survive summary judgment. ECF 214.

After careful review, the Court overrules Mr. Tompkins's objections and adopts Judge Kelly's recommendations.

### *ADA and Rehabilitation Act claims.*

Mr. Tompkins first objects to Judge Kelly's finding that he failed "to establish that he was denied the opportunity to participate in or benefit from the programs, services or activities of a public entity[.]" ECF 214, p. 1. Judge Kelly was correct in her finding.

Initially, no one disputes that the ADA and Rehabilitation Act apply to inmates in state prisons, including the Mercer County Jail. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209, (1998); *Furgess v. Pennsylvania Dep't of Corr.*, 933 F.3d 285, 291 (3d Cir. 2019). And, as Judge Kelly observed, there doesn't appear to be a dispute over whether Mr. Tompkins is a qualified individual with a disability. ECF 211, p. 29.

The main problem with Mr. Tompkins's ADA and Rehabilitation Act claims is that Mr. Tomkins's theory of liability doesn't work, at least based on the facts presented. To bring ADA and RA claims, Mr. Tompkins must show that he was denied a service or program, or was discriminated or disciplined differently because of his disability. *Durham v. Kelley*, 82 F.4th 217, 225 (3d Cir. 2023) ("to state a claim under Title II of the ADA, plaintiffs must demonstrate that: (1) they are qualified individuals; (2) with a disability; and (3) they were excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or were subjected to discrimination by any such entity; (4) by reason of their disability."). He has simply failed to do so. Indeed, the record reflects that Mr. Tompkins received

specialized treatment for his disability, including ongoing care by medical and mental health professionals, medication to treat his condition (which he refused), and eventual transfer to a psychiatric treatment facility. *See* ECF 203-4; ECF 203-6; ECF No. 203-8. While Mr. Tompkins argues that he was discriminated against due to his mental illness when officers used force against him, he has no facts to support this. ECF 207, pp. 5-7.

The reality is that the record here demonstrates that the discipline meted out was due to alleged misconduct, not disability. And Mr. Tomkins's challenges to the appropriateness of that force is, of course, captured by Counts I, VII, and VIII, which have survived summary judgment. But as to specific claims based on the ADA and RA, those claims have no support, and so must be dismissed. *Scherer v. Pennsylvania Dep't of Corr.*, No. 04-191, 2007 WL 4111412, at *44 (W.D. Pa. Nov. 16, 2007) (Gibson, J.) (holding that there was no discrimination under the ADA when a prisoner was kept in the RHU based on misconduct, not his mental illness).

The Court therefore overrules Mr. Tompkins's objection to Judge Kelly's recommendation as to the ADA and Rehabilitation Act claims.

***Conditions-of-confinement claim.*** Mr. Tompkins argues that his conditions-of-confinement claim is not only challenging the use of lighting, but also "issues of abuse and improper confinement." ECF 214, p. 3. Mr. Tompkins's argument also seems to indicate that he is challenging the level of medical care and treatment that he received at the Mercer County Jail. *Id.* at 4.

Mr. Tompkins's Fifth Amended Complaint (which was drafted by counsel before Mr. Tompkins elected to proceed *pro se*) only includes the lighting issue as part of the conditions-of-confinement claim. ECF 144, ¶¶ 130-138.

In response to this, Mr. Tompkins relies on paragraph 130, which is an incorporation paragraph stating that "Plaintiff incorporates all previous paragraphs

of this Fifth Amended Complaint as if fully stated here[,]" as support for his expansion of his conditions-of-confinement claim. *Id.* at ¶ 30; ECF 214, pp. 3-4.

"[W]hile a complaint may incorporate by reference any prior paragraphs that are necessary to pleading a plausible cause of action, it may not use the improper expedient of simply incorporating by reference all prior paragraphs, be they supportive or relevant to the cause of action or not, since such a practice does not provide adequate notice for purposes of Rule 8." *Fuhrman v. Mawyer*, No. 21-2024, 2023 WL 5672314, at *15 (M.D. Pa. Sept. 1, 2023) (cleaned up) (emphasis original). And Mr. Tompkins may not constructively amend his complaint through his response to Defendants' summary-judgment motion. *Pinson v. United States*, 826 F. App'x 237, 241, n.10 (3d Cir. 2020). As such, his conditions-of-confinement claim is limited to Mercer County Jail's policy of keeping the lights on during all hours of the night.

Mr. Tompkins's objection to this claim focuses on issues other than the lighting and does not address Judge Kelly's recommendation as to that specific claim. ECF 214, pp. 3-4. And on a *de novo* review of the record, the parties' briefing, Judge Kelly's recommendation, and the applicable law, the Court can identify no error with Judge Kelly's recommendation as to the lighting issue.

The Court therefore overrules Mr. Tompkins's objection to Judge Kelly's recommendation as to the conditions-of-confinement claim.[1]

***Failure-to-train claim.*** Mr. Tompkins argues that the conduct of the jail guards meets the standard of a "custom" such that his failure-to-train claim should survive summary judgment. ECF 214, pp. 4-6.

"Establishing municipal liability on a failure to train claim under § 1983 is difficult" because a plaintiff "must identify a failure to provide specific training that

---

[1] While courts "should freely give leave when justice so requires[,]" (Fed. R. Civ. P. 15 (2)) granting Mr. Tompkins leave to amend here would prejudice Defendants because discovery is closed and Mr. Tompkins has had ample opportunity to refine his complaint at this point in the case.

has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). "To survive summary judgment on a failure to train theory, [a plaintiff] must present evidence that the need for more or different training was so obvious and so likely to lead to the violation of constitutional rights that the policymaker's failure to respond amounts to deliberate indifference." *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001).

Here, the only evidence in the record related to training is in Defendants' responses to Mr. Tompkins's interrogatories, where they assert that "Mercer County Jail officials are trained as to the policies and procedures of the jail in accordance with state law and regulations." ECF 203-11, p. 3. Mr. Tompkins argued in his brief in opposition to Defendants' motion for summary judgment that this response was "stonewalling" by Defendants. ECF 207, p. 7. But based on the Court's review of the record, Mr. Tompkins never moved to compel any additional responses. *See* ECF 211, p. 26. At the summary-judgment stage, Mr. Tompkins is required to come forward with sufficient admissible evidence to establish each element of his claim. Even drawing all inferences in Mr. Tompkins's favor as the Court is required to do at summary judgment, there is no evidence in the record to support Mr. Tompkins's claim that the Mercer County Jail failed to train its employees in such a way that amounted to reflect deliberate indifference, as Judge Kelly properly recognized in her recommendation.

The Court therefore overrules Mr. Tompkins's objection to Judge Kelly's recommendation as to the failure to train claim.

**AND NOW**, this 14th day of February, 2025, it is hereby **ORDERED** that Defendants' motion for summary judgment (ECF 200) is **GRANTED IN PART** and **DENIED IN PART** as follows:

-7-

(1) Defendants' motion for summary judgment as to Mr. Tompkins's claims for excessive force (Count I), assault (Count VII), and battery (Count VIII) is **GRANTED** in favor of Defendants Vasconi and Cochran, but **DENIED** as to Defendants Gioan, Sherman, Peters, and Rodgers;

(2) Defendants' motion for summary judgment is **GRANTED** as to Mr. Tompkins's claims for failure to train (Count II), discrimination in violation of the ADA (Count III) and in violation of the Rehabilitation Act (Count IV), inhumane conditions of confinement (Count V), and the violation of his rights to procedural due process (Count VI).

It is **FURTHER ORDERED** Defendant C.O. John Doe is **DISMISSED** from the case.

It is **FURTHER ORDERED** that Judge Kelly's Report & Recommendation (ECF 211) is **ADOPTED** as the opinion of the Court, subject to the additional discussion in this order.

Dated: February 14, 2025               BY THE COURT:

                                       /s/ J. Nicholas Ranjan
                                       United States District Judge

cc:
Trent John Tompkins
510 Main Street
Prospect, PA 16052