IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRENTON JOHN TOMPKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>KENNETH RODGERS;<br>WILLIAM SHERMAN;<br>MICHAEL PETERS; and<br>ANTHONY GIOAN,<br><br>        Defendants. | 2:19-CV-1089 |

## MEMORANDUM ORDER

*Pro se* Plaintiff Trenton Tompkins missed a number of pretrial deadlines and failed to appear for the final pretrial conference, causing the Court to postpone the long-scheduled trial in this case. In response to Mr. Tompkins's non-compliance, Defendants have moved to dismiss the case for failure to prosecute. After considering the parties' briefs (ECF 276, 280, 282), the Court denies the motion. Although Mr. Tompkins's failures to comply with this Court's orders are substantial, they do not rise to the "extreme" level required to grant a motion to dismiss under the *Poulis* factors. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir.1992).

Federal Rule of Civil Procedure 41(b) permits "a defendant [to] move to dismiss the action or any claim against it" "if the plaintiff fails to prosecute or to comply with these rules or a court order." But "dismissal is a harsh remedy and should be resorted to only in extreme cases." *Mindek*, 964 F.2d at 1373 (cleaned up).

The Third Circuit has outlined six factors to be weighed in considering whether dismissal is proper under Rule 41(b): "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether

the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "[N]o single *Poulis* factor is dispositive[;]" at the same time, "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).

The Court considers these factors, as follows.

**Extent of party's personal responsibility**. The first *Poulis* factor supports dismissal because, as a *pro se* litigant, Mr. Tompkins is personally responsible for his actions. *See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 687 F. App'x 210, 214 (3d Cir. 2017); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

**Prejudice to Defendants.** Mr. Tompkins's failures have prejudiced Defendants, so this factor also weighs against him. Defendants' ability to prepare for trial was prejudiced by Mr. Tompkins's inconsistent responses to Court orders. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) (under *Poulis*, "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial"). For example, Mr. Tompkins did not file multiple documents required by the Court's Pretrial Order (ECF 235), including an exhibit list, responses to Defendants' motions *in limine*, and objections to the Court's proposed *voir dire*, jury instructions, and verdict slip. Without these documents, the final pretrial conference was poised to serve a particularly important purpose—filling in the gaps left by Mr. Tompkins's missing filings. Yet Mr. Tompkins failed to appear for the final pretrial conference, scheduled with over a month of advance notice. *See* ECF 242, 271. Even after the Court attempted to contact Mr. Tompkins repeatedly by phone and email and rescheduled the in-person conference to a telephone conference five hours later to attempt to accommodate Mr. Tompkins, he again failed to appear. *See* ECF 272, 273. Mr. Tompkins's excuses for his failures—that

Defendants filed "an extraordinary volume of coordinated pretrial material," that he filed his own motions *in limine* and a motion for an extension, and that he missed the Court's emails—lack merit. ECF 280 at 3-4; *see* ECF 282 (Defendants explaining that, in accordance with the pretrial order, they only filed approximately 35 pages of substantive material); ECF 265 (order denying Mr. Tompkins's motion to extend one day after his motion and six days before the scheduled final pretrial conference). These combined failures have imposed a significant burden on Defendants' ability to prepare effectively for trial.

**History of dilatoriness**. Mr. Tompkins's history of dilatoriness supports dismissal. "[R]epeated delay or delinquency constitutes a history of dilatoriness," though eventual responsiveness may reduce the influence of this factor on the overall determination. *Adams v. Trs. of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874-75 (3d Cir. 1994). In addition to the missed deadlines and conferences mentioned above, Mr. Tompkins failed to appear at his deposition, forcing Defendants to reschedule. *See* ECF 185, 189. He also arrived over an hour late for the parties' settlement conference. *See* ECF 234, 236. That Mr. Tompkins met certain other court-ordered requirements throughout litigation does not change the fact that he missed these deadlines and events. However, the weight of this factor is mitigated by Mr. Tompkins's eventual responses, including his response to the show-cause order (filed the day after the Court required justification for his missing the two final pretrial conferences). *See* ECF 277.

**Bad faith**. The fourth *Poulis* factor arguably weighs in Mr. Tompkins's favor. A showing of "flagrant bad faith" supports dismissal. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). That said, filing delays and deficiencies, without more, are unlikely to qualify as "willful or contumacious behavior." *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984). Here, Mr. Tompkins's excuses have been insufficient, and his failure to attend the final pretrial

conferences (conveniently) forced the Court to delay the trial, as Mr. Tompkins previously requested and the Court denied. ECF 264, 265. Still, the Court is not confident that Mr. Tompkins's behavior was "intentional or self-serving," and, in light of his *pro se* status, provides Mr. Tompkins with some leeway. *Adams*, 29 F.3d at 875.

**Alternative sanctions**. The effectiveness of alternative sanctions is neutral, at least at this point. On the one hand, "where a plaintiff is proceeding *pro se* and IFP, [the Third Circuit has] upheld the conclusion that no alternative sanctions existed because monetary sanctions 'would not be an effective alternative.'" *Nieves v. Thorne*, 790 F. App'x 355, 358 (3d Cir. 2019) (paraphrasing *Briscoe*, 538 F.3d at 262–63). Mr. Tompkins is proceeding *pro se* and *in forma pauperis*, so there are no meaningful alternative sanctions available. *See* ECF 227. On the other hand, there is one final alternative here—specifically, what the Court intends to do: sanction Mr. Tompkins by warning him that any other missed court appearances or deadlines will result in dismissal. This will be his last chance.

**Merits**. The meritoriousness of Mr. Tompkins's claims weighs against dismissal. A claim is meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 870. The Court denied Defendants' motion for summary judgment with respect to Mr. Tompkins's excessive force, assault, and battery claims based on the arguable merits of those claims. ECF 218. Given that Mr. Tomkins has some triable claims, the Court finds that they are not so lacking in merit to warrant dismissal.

Considering these factors as a whole, the Court finds that the "extreme" sanction of dismissal is not warranted, though notes that any further failures by Mr. Tompkins will very likely tip the balance the other way. Accordingly, after careful consideration, it is hereby **ORDERED** that Defendants' motion to dismiss (ECF 276) is **DENIED** without prejudice.

DATED this 15th day of December, 2025.

                                    BY THE COURT:

                                    /s/ J. Nicholas Ranjan
                                    United States District Judge

cc:

Trenton John Tompkins
510 Main St.
Prospect, PA 16052

trenttompkins@gmail.com