**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TRENTON JOHN TOMPKINS,       )
          )
          )    2:19-CV-1089
     Plaintiff,        )
          )
    v.            )
          )
KENNETH RODGERS;       )
WILLIAM SHERMAN;       )
MICHAEL PETERS; and    )
ANTHONY GIOAN,        )
          )
          )
     Defendants.    )

**MEMORANDUM ORDER**

Despite *pro se* Plaintiff Trenton Tompkins having failed to prosecute his case over many months, *see* ECF 305 at 1-3, the Court repeatedly offered him one "last chance." ECF 284 at 4; *see* ECF 283, 291. The most recent of these chances was the Court's March 2, 2026, omnibus order (ECF 305). This order required Mr. Tompkins to file a status report and exhibit and witness lists he had previously failed to provide to the Court, *see* ECF 235, 283, 291, and to attend a status conference expressly scheduled "to discuss why he has consistently failed to meet deadlines and attend conferences scheduled by the Court, how he plans to ensure compliance with future Court orders," and why one of his recent responses (ECF 303) appears to mislead the Court. ECF 305 at 4. Mr. Tompkins never filed these documents; and he never showed up for the conference.

The Court previously held in abeyance Defendants' motion for sanctions seeking dismissal (ECF 292), *see id.*, but now takes up the motion. After reconsidering the parties' briefs (ECF 293, 303, 304) and the record, the Court grants the motion for sanctions because the *Poulis* factors now strongly favor Defendants.

Federal Rule of Civil Procedure 41(b) permits "a defendant [to] move to dismiss the action or any claim against it" "if the plaintiff fails to prosecute or to comply with these rules or a court order." But "dismissal is a harsh remedy and should be resorted to only in extreme cases." *Mindek*, 964 F.2d at 1373 (cleaned up).

The Third Circuit has outlined six factors to be weighed in considering whether dismissal is proper under Rule 41(b): "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "[N]o single *Poulis* factor is dispositive[;]" at the same time, "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).

The Court considers these factors, as follows.

**Extent of party's personal responsibility**. The first *Poulis* factor supports dismissal because, as a *pro se* litigant, Mr. Tompkins is personally responsible for his actions. *See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 687 F. App'x 210, 214 (3d Cir. 2017); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

**Prejudice to Defendants.** Mr. Tompkins's failures have prejudiced Defendants, so this factor also weighs against him. Defendants' ability to prepare for trial was continually prejudiced by Mr. Tompkins's inconsistent responses to Court orders. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) (under *Poulis*, "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial"). For example, Mr. Tompkins did not timely file multiple documents required by the Court's Pretrial Order (ECF 235), including an exhibit list, responses to Defendants' motions *in limine*, and objections

- 2 -

to the Court's proposed *voir dire*, jury instructions, and verdict slip.  Without these documents, the final pretrial conference was poised to serve a particularly important purpose—filling in the gaps left by Mr. Tompkins's missing filings.  Yet Mr. Tompkins failed to appear for the final pretrial conference, scheduled with over a month of advance notice.  *See* ECF 242, 271.  Even after the Court attempted to contact Mr. Tompkins repeatedly by phone and email and rescheduled the in-person conference to a telephone conference five hours later to attempt to accommodate Mr. Tompkins, he again failed to appear.  *See* ECF 272, 273.  Mr. Tompkins's excuses for his failures—that Defendants filed "an extraordinary volume of coordinated pretrial material," that he filed his own motions *in limine* and a motion for an extension, and that he missed the Court's emails—lack merit.  ECF 280 at 3-4; *see* ECF 282 (Defendants explaining that, in accordance with the pretrial order, they only filed approximately 35 pages of substantive material); ECF 265 (order denying Mr. Tompkins's motion to extend one day after his motion and six days before the scheduled final pretrial conference).  And most recently, the Court gave Mr. Tompkins several additional opportunities to demonstrate his intent to proceed to trial, ECF 305, but Mr. Tompkins didn't show up for the status conference and still hasn't filed the required documents, ECF 306.  These combined failures have imposed a significant burden on Defendants' ability to prepare effectively for trial, in addition to wasting Defendants' time.

**History of dilatoriness**.  Mr. Tompkins's history of dilatoriness supports dismissal.  "[R]epeated delay or delinquency constitutes a history of dilatoriness," though eventual responsiveness may reduce the influence of this factor on the overall determination.  *Adams v. Trs. of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874-75 (3d Cir. 1994).  In addition to the missed deadlines and conferences mentioned above, Mr. Tompkins failed to appear at his deposition, forcing Defendants to reschedule.  *See* ECF 185, 189.  He also arrived over an hour late for

the parties' settlement conference. *See* ECF 234, 236. That Mr. Tompkins met certain other court-ordered requirements throughout litigation does not change the fact that he missed these deadlines and events. To date, Mr. Tompkins still has not filed any of the documents required by the Court's most recent order, which were due, respectively, 8 and 15 days ago. *See* ECF 305. One of those filings merely required Mr. Tompkins to indicate that "he is prepared to proceed to trial," assuming he is prepared to do so. *See id.*; ECF 291.

**Bad faith**. The fourth *Poulis* factor weighs against Mr. Tompkins because of his "callous disregard of [his] responsibilities" throughout the case. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (cleaned up). If not before, *see* ECF 284 at 3-4, the time for leeway to Mr. Tompkins passed the eighth time he failed to comply with a Court order.[1]

---

[1] Mr. Tompkins failed to comply with the below Court orders on the following occasions:

- The pretrial order (ECF 235).
    (1) Mr. Tompkins did not timely file multiple documents required, including his exhibit list, responses to Defendants' motions *in limine*, and objections to the Court's proposed *voir dire*, jury instructions, and verdict slip. *See* ECF 303 at 2.
    (2) Mr. Tompkins failed to appear for the original final pretrial conference. *See* ECF 242, 271.
- The show-cause order requiring Mr. Tompkins to explain why he failed to appear at the final pretrial conference (ECF 271).
    (3) Mr. Tompkins emailed the Court a response the day after the deadline. ECF 277.
- The order rescheduling the final pretrial conference (ECF 272).
    (4) Mr. Tompkins failed to appear for a makeup final pretrial conference, rescheduled virtually to accommodate his original failure to appear. *See* ECF 272, 273. His failure to attend conveniently forced the Court to delay the trial, as previously requested by Mr. Tompkins and denied by the Court. ECF 264, 265.
- The order requiring Mr. Tompkins to file a status report by January 14, 2026 (ECF 283).

**Alternative sanctions**.  The effectiveness of alternative sanctions favors dismissal.  "[W]here a plaintiff is proceeding *pro se* and IFP, [the Third Circuit has] upheld the conclusion that no alternative sanctions existed because monetary sanctions 'would not be an effective alternative.'"  *Nieves v. Thorne*, 790 F. App'x 355, 358 (3d Cir. 2019) (paraphrasing *Briscoe*, 538 F.3d at 262–63).  While Mr. Tompkins is proceeding *pro se* and *in forma pauperis*, *see* ECF 227, the Court already provided him with a final warning, so there are no meaningful alternative sanctions available.  ECF 284 at 4 ("there is one final alternative here—specifically, what the Court intends to do: sanction Mr. Tompkins by warning him that any other missed court appearances or deadlines will result in dismissal.").

**Merits**.  This factor is neutral.  On one hand, Mr. Tompkins survived summary judgment, so there are triable issues of fact.  On the other hand, based on the pre-trial filings and videos, the Court is not convinced that there is a coherent theory of the case, including with respect to identifying which prison official committed what misconduct against Mr. Tompkins.  .

Considering these factors as a whole, the Court finds that dismissal is warranted.  Accordingly, after careful consideration, it is hereby **ORDERED** that

---

(5) Despite demonstrating his capacity to meet that deadline by moving to extend on January 8, 2026, *see* ECF 286, Mr. Tompkins never filed the required status report.

- The Court's order requiring Mr. Tompkins to file a status report by February 18, 2026 (ECF 291).

(6) Mr. Tompkins failed to file the required report, *see* ECF 292, instead filing a response to Defendants' motion for sanctions denying that he missed any deadlines, ECF 303.

- The Court's order requiring Mr. Tompkins to attend an in-person status conference on March 24, 2026; and to file a status report by March 10, 2026, and his final exhibit and witness lists by March 17, 2026 (ECF 305).

(7) Mr. Tompkins failed to submit either of the required filings.

(8) He also failed to appear at the status conference.

Defendants' motion to dismiss (ECF 292) is **GRANTED** and the case is **DISMISSED WITH PREJUDICE**.

DATED this 25th day of March, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
Trenton John Tompkins
510 Main St.
Prospect, PA 16052
trenttompkins@gmail.com